UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EARL LEGARDY,<br><br>               Plaintiff,<br><br>vs.<br><br>I. CEBALLOS,<br><br>               Defendant. | Case No. 2:07-cv-00676-KJD-PAL<br><br>**ORDER**<br><br>(Mtn to Appt Counsel - Dkt. #33) |

      This matter is before the court on Plaintiff's Motion to Appoint Counsel (Dkt. #33). Plaintiff's Motion asserts that he has mental health issues. He states that as a result of his mental health issues, he is unable to prosecute his case, and counsel should be appointed. He states that he does not take psychiatric medication because he not trust prison psychiatric health staff, and it would be a denial of his due process rights not to appoint counsel. He also alleges that when he was transferred from Mule Creek State Prison to Richard J. Donovan State Prison for security reasons, prison officials did not put his legal papers in the proper area to be transferred. It appears that Plaintiff attempted to recover his missing property, and in a letter from the Mule Creek State Prison, attached to the motion as Exhibit B, SSA T. Meza states that Plaintiff left Mule Creek State Prison with five boxes and signed for five boxes when he arrived at Richard J. Donovan State Prison. The letter also indicated that Plaintiff signed a form stating he had received all of his property. Plaintiff fears prison officials will confiscate his legal materials for security reasons and deprive him of his right to access the court.

      In civil cases the district court may only appoint counsel to litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That statute does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. See Mallard v. United States Dist. Ct., 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section

1915(e)(1) is limited to cases presenting exceptional circumstances.  See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam).  Appointment of counsel is not a matter of right.  See Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

In making its determination, the court will consider the likelihood of the success of the party's claims on the merits, and the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  It is therefore the plaintiff's duty in a motion based upon 28 U.S.C. § 1915 to demonstrate to the court that he cannot afford to obtain private counsel, that he is likely to succeed on the merits of his claim, and that the legal issues involved are too complex to be presented adequately without the assistance of counsel

The court appreciates that almost every *pro se* litigant would be better off if represented by counsel.  Upon reviewing the motions and Plaintiff's application to proceed *in forma pauperis*, it appears that Plaintiff is not financially able to retain counsel.  See Bradshaw, 662 F.2d at 1319 (noting that "a lesser showing of indigency is required to satisfy the test for appointment of counsel [than to proceed *in forma pauperis*]").  The second factor weighs against Plaintiff.  He has not established that he is likely to succeed on the merits of his case.  Lastly, Plaintiff has not demonstrated that there are complex factual or legal issues involved in this case.  This case does not raise complex issues of fact or law.  The final factor the court must examine is whether Plaintiff's claims have potential merit.  Although the allegations set forth in the complaint state a claim for initial screening purposes under 28 U.S.C. § 1915, they are insufficient on their own to establish that Plaintiff's claims have merit.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Dkt. #33) is **DENIED.**

Dated this 25th day of September, 2009.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE