1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                           EASTERN DISTRICT OF CALIFORNIA
7   RONALD EARL LEGARDY,                    )
                                            )        Case No. 2:07-cv-00676-KJD-PAL
8                        Plaintiff,         )
                                            )              **ORDER**
9   vs.                                     )
                                            )        (Mtn to Compel - Dkt. #52)
10  I. CEBALLOS,                            )        (Mtn to Compel - Dkt. #57)
                                            )        (Mtn to Compel - Dkt. #58)
11                       Defendant.         )
    _____)
12

13          This matter is before the court on Plaintiff Ronald Earl Legardy's Motions to Compel (Dkt.
14  ##52, 57, 58).  The court has considered the motions.

15          Previously, Plaintiff filed a Motion for Default Judgment (Dkt. #45) based on Defendant
16  Ceballos' failure to respond to the Complaint in this case.  On February 1, 2011, the District Judge
17  entered an Order (Dkt. #48) directing Plaintiff to provide the court with competent medical evidence
18  and an affidavit establishing the acts alleged in the Complaint caused the injuries for which Plaintiff
19  seeks damages before the court resolves Plaintiff's Motion for Default Judgment.  On September 30,
20  2011, the District Judge stayed this matter to allow Plaintiff to comply with the previous Order.  *See*
21  Order (Dkt. #56).

22          In his first Motion to Compel (Dkt. ##52), Plaintiff contends prison officials refuse to provide
23  him with the medical records he needs to comply with Judge Dawson's order.  In his second Motion to
24  Compel (Dkt. #57), Plaintiff acknowledges receiving copies of the medical evidence he sought on July
25  6, 2011, but he requests a subpoena to get the documents certified.  He states that he can file renewed
26  motion for default judgment once the medical evidence has been certified.  In his third Motion to
27  Compel (Dkt. #58), Plaintiff seeks an order directing prison officials to provide him with an incident
28  / / /

1  report from May 20, 2005, and pictures.  Plaintiff again notes in this motion that he has received copies

2  of his medical records on July 6, 2011, from his Olson review[1] of his medical records.

3      The court has reviewed the attachments to Plaintiff's first Motion to Compel.  It appears that on

4  February 24, 2011, Plaintiff submitted a GA-22 form requesting a review of his medical files.  On April

5  3, 2011, Plaintiff submitted a Health Care Appeal Form stating he had not received a response to his

6  February 24, 2011, request.  On April 11, 2011, the Health Care Appeals Office advised Plaintiff that

7  his appeal had been rejected and that he should re-submit it on a different form without attachments.  In

8  the interim, on March 18, 2011, it appears that Plaintiff received 224 copies of mental health-related

9  medical records from Pleasant Valley State Prison.[2]  Based on the court's review, it appears that the

10  Health Care Appeals Office was waiting for Plaintiff to re-submit his appeal on the correct form.

11      Based on Plaintiff's subsequent motions to compel, however, it appears he has now had the

12  opportunity to conduct an Olson review of his medical records, and he received copies of his medical

13  records on July 6, 2011.  Plaintiff did not receive certified copies of his medical records.  With regard to

14  the incident report and photos from May 20, 2005, which Plaintiff still needs, he states that prison

15  official J. Grubbs informed him that these items are not in Plaintiff's prison medical files.  Rather,

16  Investigation Services Unit ("ISU") prison officials have them.  Plaintiff contends he requested the

17  incident report and photos from ISU officials on November 27, 2011, but no one responded to his

18  request.  In his second and third Motions to Compel, Plaintiff seeks subpoenas to procure (a) certified

19  copies of his medical records; (b) the incident report from May 20, 2005; and (c) photos related to the

20  May 20th incident in order to comply with the District Judge's Order.

21  / / /

22  / / /

23  _____

24  [1]An Olson review is a review conducted pursuant to *In re Olson,* 37 Cal.App.3d 783 (1st Dist.
   1974), which gives inmates a right to obtain copies from his own prison files, subject to certain
25  exceptions.

26  [2]The court notes that Plaintiff has made a note at the top of the form stating "5-17-2011 - I
   receive this Paper."  Additionally, although the form is purportedly signed by Plaintiff, and
27  acknowledges receipt of 224 documents, the signature is dissimilar from Plaintiff's signatures on other
28  documents submitted to the court, as is the way the number "3" is written in the date.

Having reviewed and considered the matter, and good cause appearing,

**IT IS ORDERED:**

1.      Plaintiff's Motion to Compel (Dkt. #52) is DENIED AS MOOT.

2.      Plaintiff's Motions to Compel (Dkt. ##57, 58) are GRANTED to the extent that the Clerk of Court shall issue a subpoena *duces tecum* to Plaintiff.

3.      Plaintiff must complete the subpoena before service.  Plaintiff is also advised that in forma pauperis status does not extend to the service of subpoenas at government expense.  Plaintiff will be required to serve the subpoena pursuant to requirements of Rule 45(b) of the Federal Rules of Civil Procedure.

Dated this 13th day of February, 2012

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE