UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD EARL LEGARDY, | ) | |
| | ) | |
|     Plaintiff - Appellant, | ) | 2:07-cv-00676-KJD-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| I. CEBALLOS, Law Librarian, | ) | |
| | ) | |
|     Defendant - Appellees. | ) | |

    This matter is before the Court on referral from the United States Court of Appeals for the Ninth Circuit for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.

    This case initially came to the Court on Plaintiff's Civil Rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages from Defendant Ceballos, a former prison law librarian, for assigning an inmate clerk to make copies of his legal materials, thus allowing other inmates to become informed of the "R suffix" on his case and causing him to be labeled a child molester. These events are alleged to have occurred on March 15, 2005. He alleges that as a result of that disclosure, he was removed from the general prison population over safety concerns and became suicidal. He also alleges that these acts caused him psychological injury and emotional distress.

Plaintiff requested entry of default judgment against Defendant. However, the Court is aware, based on evidence in the record, that Plaintiff had a history of mental health issues preceding the events of March 15, 2005. See Doc. No. 2, Notice of Lodging of Documents, p. 10 (inmate has a history of depressed mood, paranoid personality disorder and borderline personality disorder). Before ordering the requested hearing on damages and transporting Defendant or Court personnel for purposes of such a hearing where Plaintiff might or might not produce admissible evidence of causation, the Court ordered Plaintiff to provide such evidence in affidavit form in accordance with Federal Rule of Civil Procedure 55(b)(2). Specifically, on February 1, 2011, the Court ordered Plaintiff to provide admissible medical evidence in affidavit form establishing that the acts alleged caused the injuries for which he seeks damages (#48) . The Court ordered Plaintiff to file the affidavit no later than February 28, 2011. Plaintiff sought extensions of time which the Court freely granted. Ultimately, Plaintiff failed to provide the requested affidavit, choosing instead to again request an evidentiary hearing. Plaintiff's failure to provide evidence that he is able to establish a necessary element of his claim more than one year after being ordered to do so, caused the Court to order his complaint dismissed (#67).

Accordingly, Plaintiff should not be permitted to proceed *in forma pauperis* where, as here, he has failed to comply with the orders of the Court requiring him to provide evidence that his injuries were caused by Defendant. In the absence of such evidence, the appeal is frivolous and not taken in good faith. 28 U.S.C. §1915(a)(3).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* status is **REVOKED**.

DATED this 27th day of April 2012.

_____
Kent J. Dawson
United States District Judge