# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

RONALD EARLY LEGARDY,

Plaintiff,

v.

I. CEBALLOS,

Defendant.

Case No. 2:07-CV-00676-KJD-PAL

**ORDER**

Presently before the Court is Plaintiff's Objection (#70) to the Court's Order denying his motion for default judgment and dismissing his complaint and Plaintiff's Motion for Reconsideration (#76). Plaintiff filed his Notice of Appeal (#69) on April 13, 2012. On April 19, 2012, the Ninth Circuit Court of Appeals entered its Order (#72) making Plaintiff's notice of appeal ineffective during the pendency of the Objections (#70) which the Ninth Circuit construed as a motion arising under Federal Rule of Appellate Procedure 4(a)(4).[1]

Construing Plaintiff's pleadings liberally, as this Court must, it appears that Plaintiff's primary objection to the Court's Order (#67) is that the Court did not adequately review the documentary evidence filed by Plaintiff on March 27, 2012 in response to the Court's prior orders.

[1] The Court notes that the Objections were not docketed as a motion delaying its response to the Ninth Circuit's Order.

Plaintiff asserts that the Court's Order on March 30, 2012 in response to his March 27, 2012 filing could not have considered the approximately forty (40) pages of documents and medical records that Plaintiff submitted. However, the Court did consider all of the evidence submitted by Plaintiff including evidence Plaintiff filed with his complaint. See Doc. No. 2, Notice of Lodging of Documents. Some of the evidence submitted on March 27, 2012 was repetitive of Plaintiff's previous filings in this action and was already well known to the Court. Plaintiff's Objections and Motion for Reconsideration do not provide any new evidence or arguments that were not already before the Court when it issued its March 30, 2012 Order (#67).

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[2] Since Plaintiff's Objections were filed on April 16, 2012, the Court will consider the motion under Rule 59(e).

Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

---

[2] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

Since Plaintiff is not asserting that he has newly discovered evidence, he appears to be asserting that the Court committed clear error by either not considering the evidence that he filed, or by not crediting the evidence with the weight that he felt that it deserved. However, the Court considered all of the affidavits filed by Plaintiff and all of the documentary evidence including medical records. As the fact finder, the Court was required to determine whether Plaintiff had proven that the alleged violation of his constitutional rights, in fact, caused the damages of which he complains. Unfortunately for Plaintiff, he was unable to show, by even a preponderance of the evidence, that his damages were caused by the inappropriate disclosure of his records rather than his pre-existing mental health conditions.[3] Therefore, Plaintiff has not met his burden in moving for reconsideration.

///

///

///

---

[3]The Court notes that it granted Plaintiff an extra year to produce competent evidence demonstrating the cause of his injuries.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Objection (#70) and Plaintiff's Motion for Reconsideration (#76) are **DENIED**.

DATED this 8TH day of August 2012.

Kent J. Dawson
United States District Judge